UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARIA ARIAS-MARTINEZ,
Plaintiff,
v.
FCA US, LLC,
Defendant.

Case No.: 3:25-cv-2937-CAB-JLB

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

**[Doc. No. 20]**

Before the Court is Defendant FCA US, LLC's ("Defendant") motion for judgment on the pleadings. [Doc. No. 20.] After the deadline to file an opposition passed, the Court ordered Plaintiff Maria Arias-Martinez ("Plaintiff") to show cause as to why the motion should not be granted. [Doc. No. 21.] The Court warned Plaintiff that failure to respond by August 5, 2026 may constitute consent to the granting of the motion pursuant to Local Rule 7.1(f)(3)(c). [*Id.*] Plaintiff has failed to respond to the Court's order to show cause.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming litigant's failure to oppose as consent to granting the motion). Indeed, the Ninth Circuit has repeatedly upheld district court decisions granting motions based on local rules concerning a non-moving party's failure to oppose the motion. *See Blackwell v. Wells*

*Fargo Bank*, 834 F. App'x 436, 436 (9th Cir. 2021); *Patel v. City of Los Angeles*, 791 F. App'x 688, 688–89 (9th Cir. 2020); *Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, "the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion indicates that Plaintiff has abandoned this lawsuit and consents to its dismissal. Indeed, that Plaintiff previously submitted other filings in this case, and that [Plaintiff] appeared at the Early Neutral Evaluation conference . . . leads the Court to assume that Plaintiff's lack of opposition is intentional." *Lover-El v. Kroger Food 4 Less*, No. 24-CV-377-CAB-DEB, 2024 WL 3225569 (S.D. Cal. May 28, 2024), *appeal dismissed*, No. 24-4007, 2024 WL 5277366 (9th Cir. Oct. 23, 2024). Further, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendant by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Moreover, upon review of the motion and of the record, Defendant's motion appears to be meritorious.

Accordingly, the Court **GRANTS** the motion for judgment on the pleadings. The complaint is therefore **DISMISSED**. The Clerk of Court shall **CLOSE** this case. No further filings will be accepted.

It is **SO ORDERED**.

Dated: August 21, 2026

Hon. Cathy Ann Bencivengo
United States District Judge